**Raymond E. COSSELL and Charlotte Cossell, his wife, Appellees,**

v.

**J. Scott CORNISH, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 15, 2002.

Filed April 23, 2002.

Daniel R. White, Uniontown, for appellant.

John M. Purcell, Uniontown, for appellee.

BEFORE: DEL SOLE, P.J., BOWES and KELLY, JJ.

DEL SOLE, P.J.:

¶ 1 J. Scott Cornish appeals from an order which denied his petition to open a confessed judgment as untimely. We reverse and remand for further proceedings.

¶ 2 The events leading to the order presently on appeal arose out of a commercial real estate transaction. Problems arose and Appellant withheld two monthly payments leading Appellees to file a complaint and confession of judgment in ejectment. Judgment was entered and a writ of possession was issued. Appellant filed a petition to open the judgment and a petition for preliminary injunctive relief. Since it appeared during the hearing on that petition that the parties had come to an agreement, the Honorable Conrad B. Capuzzi dismissed the petition to open without prejudice. Problems again arose and, on May 23, 2001, the parties resumed the hearing on preliminary injunctive relief before the Honorable John F. Wagner, Jr. Following that hearing, Judge Wagner, entered an order which stated, *inter alia,* "[Appellees] are enjoined from seeking immediate issuance of a writ of possession for sixty (60) days to permit [Appellant] to represent his Petition to Open Judgment Confessed Under Installment Land Contract, filed on February 15, 2001, which petition was dismissed, without prejudice...." Order, 5/23/01. On June 26, 2001, Appellant refiled the petition to open judgment and a hearing was set for July 16, 2001. Appellees filed an answer which contained a motion to dismiss the petition to open as untimely. At the conclusion of the hearing on July 16, Judge Capuzzi entered an order dismissing Appellant's petition as untimely. This appeal followed.

■ ¶ 3 Although Appellant sets forth three issues in his Statement of Questions Involved, the essence of this appeal is whether Judge Capuzzi's dismissal of Appellant's Petition to Open was contrary to Judge Wagner's order and therefore violated the coordinate jurisdiction rule and/or the law of the case doctrine.[1] We agree with Appellant that it was error to dismiss his petition to open.

■ ¶ 4 The coordinate jurisdiction rule provides that judges sitting in the same court and in the same case should not overrule the decisions of each other. *Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989). Only in exceptional circumstances can this rule be disregarded. *Commonwealth v. Starr,* 541 Pa. 564, 664 A.2d 1326 (1995). These circumstances are defined as a substantial change in the facts or

---

1. The law of the case doctrine has traditionally been applied where an appellate decision has already been rendered. In *Commonwealth v. Starr,* 541 Pa. 564, 664 A.2d 1326 (1995), our Supreme Court stated:

   we today assume the coordinate jurisdiction rule and all its attendant meanings and limitations expressed in our previous caselaw into our law of the case doctrine in an effort to standardize and streamline the law to which our courts must refer when considering prior rulings of courts of coordinate jurisdiction and of courts of appellate jurisdiction in the same litigated matter. *Starr,* 664 A.2d at 1333.

   Thus, our analysis is the same whether it is called the coordinate jurisdiction rule or the law of the case doctrine.

evidence giving rise to the dispute involved or where the prior holding was clearly erroneous and would create a manifest injustice if followed. *Id.*

¶ 5 The trial court did not find, and Appellees do not argue, that this case is an exception to the rule. Rather, they claim that Judge Wagner's order did not explicitly grant Appellant an extension of time beyond that set forth in Pa.R.C.P. 2959(a)(3) (petition to open must be filed within 30 days of notice). Such an argument simply does not comport with a common sense reading of Judge Wagner's order. There is no reason for Judge Wagner to have entered an order enjoining issuance of a writ of possession for sixty days "to permit [Appellant] to represent his Petition to Open Judgment Confessed Under Installment Land Contract" if he did not intend to grant Appellant the full 60 days within which to refile his petition. Moreover, Judge Wagner made clear at the hearing that such was his intention: "I'm going to give you 60 days to re-file your petition to open judgment." N.T., 5/23/01, at 143. Thus, Appellees knew that this was Judge Wagner's intention and their attempt to evade his order cannot be countenanced. Therefore, we reverse the order dismissing Appellant's petition to open as untimely and remand for further proceedings.[2]

¶ 6 Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

---

**2.** Appellees make the alternative argument that Appellant's petition did not sufficiently allege a meritorious defense. Since no record has been developed on that claim, and the trial court did not rule on that basis, we believe it is appropriate that this claim be presented to and decided by the trial court on remand.