J. A32035/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

GEORGE P. IRISH AND DIANE STOUGHT, :   IN THE SUPERIOR COURT OF
                                       :             PENNSYLVANIA
             Appellants       :
                                         :
               v.               :
                                         :
THOMAS F. FARLEY; BORDEN & FARLEY, :
P.C.; CAVALIER & CAVALIER; KIM     :
CAVALIER; AND JAMES E. TRUNZO,    :
                                         :      No. 483 EDA 2014
             Appellees        :

Appeal from the Order January 13, 2014
In the Court of Common Pleas of Wayne County
Civil Division No(s).: 315 Civil 1994

BEFORE: PANELLA, OLSON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:         **FILED FEBRUARY 03, 2015**

Appellants, George P. Irish and Diane Stought,[1] appeal from the order

entered January 13, 2014, in the Wayne County Court of Common Pleas

denying their motion for reconsideration of the order entered April 26, 2013

granting the motion for summary judgment filed by Appellees, Thomas F.

Farley, Borden & Farley, P.C., and Kim Cavalier. On January 13, 2014, the

court also granted the motion *in limine* filed by Appellee James Trunzo and

dismissed all claims against all defendants with prejudice. Appellants

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant Stought is the step-daughter of Appellant Irish. Compl., 11/24/92, at 1.

present sixteen issues on appeal, contending that the court erred, *inter alia*, in (1) violating the law of the case, (2) granting summary judgment to a party that did not request it, (3) granting summary judgment, and (4) finding Appellants did not state a claim for civil conspiracy and breach of fiduciary duty against Appellee Trunzo.[2]  We affirm. We also grant Appellants' motion to accept their reply brief as timely filed.

The trial court summarized the facts and procedural history of this case as follows:

> After an extensive and thorough review of the more than 350 docket entries, duplicative pleadings, and thousands of deposition pages produced in this matter, we grant[ed] Summary Judgment to [Appellees] Farley, Borden & Borden, P.C., Cavalier & Cavalier, and Kim Cavalier.  We also grant the Motion *in Limine* filed by [Appellee] Trunzo.
>
> The long and tortuous procedural history of this case began in 1992 in Pike County, Pennsylvania.  [Appellants] filed a 172 paragraph Complaint alleging four (4) causes of action including civil conspiracy against all [Appellees]; breach of fiduciary duty against [Appellee] Trunzo; conversion against [ ] Farley and Borden & Farley, P.C. and Peter Cavalier; and, a cause of action for "prima facie tort" against all [Appellees].  According to the parties, Count IV for prima facie tort was dismissed by Preliminary Objections.[FN]

---

[2] Our Supreme Court noted: "[T]he number of claims raised in an appeal is usually in inverse proportion to their merit and that a large number of claims raises the presumption that all are invalid.  [A]ppellate advocacy is measured by effectiveness, not loquaciousness." **Commonwealth v. Ellis**, 626 A.2d 1137, 1140-41 (Pa. 1993) (quotation marks and citation omitted). This Court granted Appellants' motion to exceed the word count limitation in their brief.  Order, 5/19/14.

_____

[FN]   The case was transferred to Wayne County in 1994. We have reviewed the entirety of docket entries and can find no court Order dismissing count IV. However, all parties agree that the Count was dismissed by Preliminary Objections.

_____

* * *

**Summary Judgment was denied by Senior Judge John Lavelle in 2005, eight (8) years ago, because he found material issues of liability and damages in dispute and discovery was still ongoing. Wayne County President Judge Hamill denied Summary Judgment in June of 2012 because the motion was not timely filed and a trial was scheduled for July of 2012.** This trial was continued by Senior Judge Brendan Vanston, the sixth Judge assigned to this case. We are not facing the same time constraints as Judge Hamill. No new date has been set for trial.

The facts we glean from [Appellants'] Complaint, which are not in dispute, involve a business deal between Irish and Peter Cavalier[,] which soured.

[Appellants] and the deceased former individual Peter Cavalier[FN] formed the Lake Region Operating Corporation (hereinafter "LROC")[,] which owned and operated an Arby's Restaurant in Hawley, Wayne County, Pennsylvania. Irish was the operating manager of the restaurant; Stought was a day-to-day manager. Being unhappy with the operation of the business, Cavalier petitioned for an **involuntary dissolution of LROC on May 16, 1991** . . . .

_____

[FN]   Peter Cavalier was dismissed as a "non-dispensable" party at the requests of [Appellants].

_____

[Appellee] Thomas Farley of [Appellee] law firm . . . Borden & Farley, P.C. represented Cavalier in the dissolution action. Upon the filing of the dissolution action, then Wayne County President Judge Robert Conway issued

a Preliminary Injunction on May 16, 1991[,] which precluded [Appellants] from managing the day-to-day operations of LROC and from handling the bank account and other monies of LROC. Also on that date, Judge Conway appointed [Appellee] Trunzo as Receiver *pendente lite*.

Prior to the scheduled hearing on the Injunction, a Consent Order/Decree was filed on May 22, 1991[,] wherein the parties all agreed that they were represented by [c]ounsel and that [Appellants] were enjoined from managing or handling the bank accounts and all monies of LROC, including cash in the register at Arby's. It further ordered that Peter Cavalier was enjoined from managing the day-to-day operations of LROC, or interfering with the business but that Peter Cavalier was permitted to review the books and records of LROC through the Receiver or legal counsel and that he was permitted to enter the restaurant to review daily operations.

On June 13, 1991, another Consent Order/Decree was entered that held that all parties were represented by counsel and agreed to the following: [Appellee] Trunzo's appointment as Receiver *Pendente Lite* would remain in effect; Irish would be in charge of the day-to-day operations of LROC subject to the review and control of the Receiver; that Peter Cavalier was enjoined from managing the day-to-day operations of LROC, entering the premises of Arby's, managing or handling the bank account and monies of LROC, and direct telephone contact or any other direct contact with [Appellants] and the staff of the Arby's Restaurant.

On December 9, 1991, all parties to the Dissolution Action including [Appellants] and Peter Cavalier consented to the relief requested in the Petition for Involuntary Dissolution of LROC without any admission to the factual allegations set forth in the Petition.

At the same time, Judge Conway appointed Scott B. Bennett, Esq.[,] as the Liquidating Receiver of LROC. This Consent Order also provided that the corporate assets of LROC were to be sold at private auction with Peter Cavalier as one bidder and [Appellants] as the second bidder. On

- 4 -

December 23, 1991, [Appellant] Irish was the successful bidder at a private auction of the assets of LROC.

Prior to [Appellant] Irish's successful bid at the private auction, Peter Cavalier filed a Partition Action in Wayne County [("Partition Action")]. This action asked for partition of the real estate owned by Irish and Cavalier, individually, including the restaurant land and an adjoining parcel.

Meanwhile, Liquidating Receiver Bennett stayed the purchase of LROC assets by Irish because Wayne County Bank & Trust Co. would not approve the sale. We are not told in the Complaint why this approval was needed.

**On February 21, 1992, the Partition Action was consolidated with the Dissolution Action by Consent Order with agreement of the parties.** At that time, Judge Conway signed the Consent Order directing the assets of LROC and the real estate owned by Irish and Cavalier be sold at private auction. The Consent Order provided that all shareholers consented to this process and outlined the assets to be all equipment, bank accounts, and "all other tangible assets used in the operation of the Business regardless of whether title is held by the parities individually or by [LROC]." Consent Order February 21, 1992 . . . .

**At the private auction, pursuant to the Consent Order, Peter Cavalier and [Appellee] Kim Cavalier were the successful bidders, and they acquired all of LROC's assets and the real estate.**

**On March 5, 1992, Judge Conway entered an Order which confirmed the Accounting filed by [Appellee] Trunzo as Receiver *Pendente Lite* and ordered distribution. Neither party filed timely exceptions to Trunzo's accounting.**

The chronological recitation of facts set forth above are taken from [Appellants'] complaint and are not in dispute.

Trial Ct. Op., 4/26/13, at 1-2, 3-6 (emphases added and some footnotes omitted).

The trial court denied Appellants' praecipe for rule returnable to substitute Christine Cavalier as a party as a successor to Cavalier & Cavalier.[3]   Appellants' Praecipe for Rule Returnable Pursuant to Rule 2352(b), 7/9/12.  The court denied the motion for substitution of Christine Cavalier.  Order, 9/27/12.  Appellants sought to involuntarily substitute her and the trial court found that Appellants had not presented evidence that Christine Cavalier is the successor of Cavalier & Cavalier, P.C.  *Id.* at 1 n.1.

As stated by Appellants:

> The material facts upon which this Praecipe is based are as follows:
>
> a) Christine M. Cavalier filed preliminary objections on January 5, **1993**, and a brief in support of those preliminary objections on January 19, 1993, *pro se*, on behalf of the [Appellee] Cavalier & Cavalier;
>
> b) Christine M. Cavalier personally appeared on March 3, 1993, and made argument on behalf of her preliminary objections; and
>
> c) Christine M. Cavalier, according to her statements on March 31, 1993, and the Motion to Admit filed on March 7, 1993, was a partner in the named [Appellee] Cavalier & Cavalier.

---

[3] Peter Cavalier is deceased.  Trial Ct. Op., 4/26/13, at 4 n.3.  The trial court noted that Peter Cavalier was dismissed as a "non-dispensable" party at the request of Appellants.  *Id.*

Appellants' Praecipe for Rule Returnable Pursuant to Rule 2352(b), 7/9/12, at 1. The Prothonotary issued a rule "upon Christine M. Cavalier to show cause why she should not be substituted for Appellee Cavalier & Cavalier." Rule Returnable, 9/9/12.

A hearing was held at the request of Appellants "for the purposes of identifying Christine Cavalier as a successor of Cavalier and Cavalier." N.T., 9/26/12, at 2. It was undisputed that Christine Cavalier was a partner in Cavalier & Cavalier. *Id.* at 13. Appellants' counsel contended that "[s]he is the partnership." *Id.* at 15.

On October 1, 2012, Appellee Trunzo filed a motion *in limine* to "preclude [Appellants] from presenting any testimony or evidence concerning alleged civil conspiracy on [his] part . . . ." Appellee Trunzo's Mot. *in Limine*, 10/1/12, at 2-3 (unpaginated). On October 12, 2012, Appellees Thomas F. Farley, Borden & Farley, P.C., and Kim Cavalier filed a fifth motion for summary judgment, contending there was no evidence to support Appellants' claims for civil conspiracy, conversion, and breach of fiduciary duty. On April 26, 2013, the trial court granted both the motion for summary judgment and Appellee Trunzo's motion *in limine*.

On May 30, 2013, Appellants filed a notice of appeal. This Court quashed the appeal *sua sponte* on July 12, 2013, finding the appeal was from an interlocutory order because the claims against Trunzo were pending

in the trial court. *Irish v. Farley*, 1497 EDA 2013 (unpublished order) (Pa. Super. July 12, 2013).

On July 29, 2013, Appellants filed a motion for reconsideration of the April 26th order. On January 13, 2014, the trial court denied the motion for reconsideration and dismissed all claims against all Appellees. Order, 1/13/14. This appeal followed. Appellants filed a ten-page court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Appellants raise the following issues for our review:[4]

> 1[A]. Whether [Appellants] provided evidence for substituting Christine Cavalier, an admitted partner, for [Appellee] Cavalier & Cavalier, a New York partnership.
>
> 2[B]. Whether the trial court, on the basis that Christine Cavalier, as a partner and because of her conduct, was a party, should have compelled her deposition at the request of [Appellants].
>
> 3[C]. Whether the trial court improperly granted summary judgment to Cavalier & Cavalier, a named and represented party who made no request of any kind to the court.
>
> 4[D]. Whether the trial court improperly granted summary judgment to a party (receiver, [Appellee] James E. Trunzo) who filed only a motion *in limine*.
>
> 5[E]. Whether the granting of summary judgment by Judge Miller violated the law of the case doctrine (which includes the coordinate jurisdiction rule) when the record included prior orders denying summary judgment.

---

[4] In the argument section of their brief, Appellants refer to the issues by letter as indicated in brackets.

6[F]. Whether [Appellees] failed to carry the initial burdens applicable to motions for summary judgment.

7[G]. Whether [Appellants] identified portions of the record which stated a claim for civil conspiracy.

8[H]. Whether [Appellants] stated a claim for civil conspiracy and breach of fiduciary duty against the court appointed receiver, [Appellee] James E. Trunzo.

9[I]. Whether, in granting summary judgment, the court improperly ignored the record potentially available at the time of trial.

10[J]. Whether the court improperly applied the age of the case to the detriment of [Appellants].

11[K]. Whether the court failed to read the record completely and properly.

12[L]. Whether the court advocated on behalf of [Appellees], thereby acting outside of the role of a judge.

13[M]. Whether [Appellants] were denied their rights under Article I, Section Eleven of the Pennsylvania Constitution.

14[N]. Whether the court should have excluded evidence of violations of the Rules of Professional Conduct by [Appellees] Farley and Borden & Farley, P.C.

15[O]. Whether the court should have excluded evidence of the out-of-pocket medical expenses incurred by [Appellant] George P. Irish.

16[P]. Whether the court should have excluded evidence of the "subsequent action in equity" commenced against [Appellant] Irish.

Appellants' Brief at 9-11.

As a prefatory matter, we consider whether the instant appeal was timely filed. As stated above, on May 22, 2013, Appellants previously filed a

- 9 -

notice of appeal from the April 26, 2013 order. This Court quashed the appeal on July 12, 2013, docketed on September 13, 2013, **as interlocutory** because the claims against Appellee Truzo remained pending in the trial court. Order, 7/12/13. On July 29, 2013, Appellants filed a motion for reconsideration of the April 26, 2013 order. The motion for reconsideration was denied on January 13, 2014, and the court dismissed all claims against all Appellees.

"[T]he trial court is empowered to reconsider an interlocutory order at any time." *D'Elia v. Folino*, 933 A.2d 117, 120 n.1 (Pa. Super. 2007). "Where an order does not effectively place the litigant out of court or end the lawsuit, it is within the trial court's discretion to entertain a motion to reconsider the interlocutory order outside the 30–day time limit set forth in 42 Pa.C.S.A. § 5505." *Hutchison v. Luddy*, 611 A.2d 1280, 1288 (Pa. Super. 1992). The trial court had jurisdiction to deny the motion for reconsideration on January 13, 2014, and dismiss all claims against all Appellees. *See D'Elia*, 933 A.2d at 120 n.1; *Hutchison*, 611 A.2d at 1288. Appellants then filed the instant notice of appeal within thirty days thereafter, on February 12, 2014. Therefore, the notice of appeal is timely. *See* Pa.R.A.P. 903(a).

Next we consider whether Appellant has waived any issue raised on appeal. This Court has stated:

> "The argument portion of an appellate brief must include a
> pertinent discussion of the particular point raised along

with discussion and citation of pertinent authorities." "This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority." **Failure to cite relevant legal authority constitutes waiver of the claim on appeal**.

*In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (citations omitted and emphasis added), *appeal denied*, 69 A.3d 603 (Pa. 2013); *see also* Pa.R.A.P. 2119(a). Our review of Appellants' brief reveals that there is no discussion with citation to relevant legal authority with respect to issues 2[B], 3[C], 4[D], 10[J], 11[K], 13[M], 15[O], 16[P]. Therefore, these issues are waived. *See In re Whitley*, 50 A.3d at 209.

First, Appellants argue the court erred in denying their praecipe for rule returnable to substitute Christine Cavalier as a party as a successor to Cavalier & Cavalier.[5] Appellants aver that Christine should be involuntarily substituted pursuant to Rule 2352(b) which provides: "If the successor does not voluntarily become a party, the prothonotary, upon praecipe of an adverse party setting forth the material facts shall enter a rule upon the successor to show cause why the successor should not be substituted as a party." *See* Pa.R.C.P. 2535(b).

Appellants argue that because she was a partner, she was a successor. Appellants' Brief at 46. Appellees' counsel countered that "[u]pon the death of Peter Cavalier, the partnership dissolved." *Id.* at 25.

---

[5] This is denominated as issue 1[A].

The Pennsylvania Commonwealth Court has stated:

> Because the issuance of a rule to show cause is predicated on judicial discretion, this Court reviews a trial court's discharge of the rule for abuse of discretion. ***Rosenberg v. Silver***, [ ] 97 A.2d 92, 94 ([Pa.] 1953). Abuse of discretion occurs when the trial court commits an error of law or renders a "manifestly unreasonable" judgment. ***Id.***

***Commonwealth ex rel. Zimmerman v. Auto Mart, Inc.***, 910 A.2d 171, 174 n.6 (Pa. Cmwlth. 2006).[6]

In denying the request to substitute Christine Cavalier as a party for Appellee Cavalier & Cavalier, the trial court opined:

> [Appellants] failed to present any evidence as to whether Christine Cavalier was the successor in interest to [Appellee] Cavalier & Cavalier. [Appellants] presented evidence that Christine Cavalier participated *pro se* on behalf of [Appellee] Cavalier & Cavalier. Christine Cavalier, through her attorney . . . admitted that she was a partner in Cavalier & Cavalier and that she had appeared *pro se* on behalf of Cavalier & Cavalier. To their detriment however, [Appellants] presented no other evidence that Christine Cavalier was the successor in interest; there was no evidence or law presented that a living partner becomes the successor in interest to a lawsuit against the partnership. Accordingly, this court's September 27, 2012 Order was proper.

Trial Ct. Op., 4/2/14, at 1-2. We agree no relief is due.

Peter Cavalier is deceased. Trial Ct. Op., 4/26/13, at 4 n.3. The trial court noted that **Peter Cavalier was dismissed as a "non-dispensable"**

---

[6] We note "[t]his Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." ***Md. Cas. Co. v. Odyssey Contracting Corp***., 894 A.2d 750, 756 n.2 (Pa. Super. 2006) (citations omitted).

**party** at the request of Appellants. *Id.* It is undisputed that Cavalier & Cavalier was a New York partnership. Citing New York Partnership Law § 62,[7] Appellants concede that pursuant to New York partnership law, the **death of a partner results in the dissolution of the partnership**. Appellants' Brief at 47. In Pennsylvania, a successor is defined as "anyone who by operation of law, election or appointment has succeeded to the interest or office **of a party to an action**." Pa.R.C.P. 2351 (emphasis added). Following the death of Peter Cavalier, there was no partnership. Therefore, Christine Cavalier is not a successor.

Next, Appellants contend the court erred in granting summary judgment because it violated the law of the case doctrine.[8] They aver that the April 26, 2013 and the January 13, 2014 orders of Judge Miller "violated the coordinate jurisdiction rule[9] because they overruled Judge Lavelle's two

---

[7] Section 62 provides:

**§ 62. Causes of dissolution**

Dissolution is caused:

\*    \*    \*

4. By the death of any partner[.]

N. Y. Partnership Law § 62(4).

[8] This issue is denominated as issue 5[E].

[9] Our Superior Court has stated:

orders of August 23, 2005. These two orders denied two motions for summary judgment." Appellant's Brief at 59. We find no relief is due.

On May 18, 2004, Appellees Thomas F. Farley and Borden & Farley, P.C., filed the first motion for summary judgment, in which they averred Appellants did not comply with Pa.R.C.P. 4014 because their response to the request for admissions was not verified or made within thirty days. Farley and Borden & Farley, P.C.'s Mot. for Summ. J., 5/18/04, at 2 (unpaginated) ("First Motion"). Appellee Trunzo also filed a motion for summary judgment on June 3, 2005, in which he averred that Appellants could not sustain a claim of civil conspiracy against him. Appellee Trunzo's Mot. for Summ. J., 6/3/05, at 2 (unpaginated). On August 23, 2005, Judge Lavelle denied both motions for summary judgment. On June 6, 2005, Appellees Farley and Borden & Farley, P.C., filed their second motion for summary judgment. The motion was denied on August 23, 2005.

---

[W]e today assume the coordinate jurisdiction rule and all its attendant meanings and limitations expressed in our previous caselaw into our law of the case doctrine in an effort to standardize and streamline the law to which our courts must refer when considering prior rulings of courts of coordinate jurisdiction and of courts of appellate jurisdiction in the same litigated matter.

Thus, our analysis is the same whether it is called the coordinate jurisdiction rule or the law of the case doctrine.

*Cossell v. Cornish*, 797 A.2d 981, 982 n.1 (Pa. Super. 2002) (citation omitted).

On April 21, 2008, argument was heard on discovery motions regarding attorney-client privilege. N.T., 4/21/08, at 2-45. On April 24, 2008, the court granted Appellants' motion to compel testimony of Appellee Trunzo. Order, 4/24/08. Appellees Thomas F. Farley, Borden & Farley, P.C., and Kim Cavalier's third motion for summary judgment was denied as untimely. Order, 5/18/09. On June 14, 2012, Appellees Thomas F. Farley, Borden & Farley, P.C., and Kim Cavalier filed a motion for summary judgment contending there was no evidence of record to support Appellants' claims for civil conspiracy or conversion. Appellees' Farley, Borden & Farley P.C. & Cavalier's Mot. Summ. J., 6/14/12, at 1-2 (unpaginated). On June 15, 2012, Judge Hamill dismissed the motion as untimely. Order, 6/15/12. Appellees were ordered to produce certain records pertaining to Trunzo's activities as Receiver to Appellants. *Id.* Appellee Trunzo filed the instant motion *in limine* on October 1, 2012, contending Appellants cannot prove their claim for breach of fiduciary duty and therefore cannot maintain any action for civil conspiracy to commit that act. Appellee Trunzo's Mot. *in Limine*, 10/1/12, at 2. Appellees Farley, Borden & Farley, and Kim Cavalier filed the instant fifth motion for summary judgment on October 12, 2012. They averred that Appellants failed to state a cause of action for civil conspiracy, conversion, or breach of fiduciary duty. Appellees' Farley, Borden & Farley P.C., & Cavalier's Mot. Summ. J., 10/12/12, at 2. On April

26, 2013, the motions were granted.[10]  Order, 4/26/13.  As discussed

***supra***, this Court quashed the appeal from the April 26th order as

interlocutory.  Appellants filed for reconsideration and the trial court denied

the motion and dismissed all claims against all Appellees on January 13,

2014 in the order from which this appeal is taken.

Our standard and scope of review of an order granting a motion for

summary judgment is well-established:

> Our scope of review of a trial court's order granting or
> denying summary judgment is plenary, and our standard
> of review is clear: the trial court's order will be reversed
> only where it is established that the court committed an
> error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record
> clearly shows that there is no genuine issue of material
> fact and that the moving party is entitled to judgment as a
> matter of law.  The reviewing court must view the record
> in the light most favorable to the nonmoving party and
> resolve all doubts as to the existence of a genuine issue of
> material fact against the moving party.  Only when the
> facts are so clear that reasonable minds could not differ
> can a trial court properly enter summary judgment.

***Weissberger v. Myers***, 90 A.3d 730, 733 (Pa. Super. 2014).

Pennsylvania Rule of Civil Procedure 1035.2 states:

> After the relevant pleadings are closed, but within such
> time as not to unreasonably delay trial, any party may
> move for summary judgment in whole or in part as a
> matter of law

---

[10] Appellant refers to the April 26, 2013 order as "Miller One" and the January 13, 2014 order as "Miller Two."

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035(1)-(2).

Special note should be taken of the **requirement under Rule 1035.2(2) that the motion be made after completion of discovery** relevant to the motion, including the production of expert reports. While Rule 1035.2(2) is prefaced with the statement that any party may file a motion after the relevant pleadings have closed, the adverse party must be given adequate time to develop the case and the motion will be premature if filed before the adverse party has completed discovery relevant to the motion. The purpose of the rule is to eliminate cases prior to trial where a party cannot make out a claim or a defense after relevant discovery has been completed; the intent is not to eliminate meritorious claims prematurely before relevant discovery has been completed.

The timing of the motion is important. Under Rule 1035.2(1), the motion is brought when there is "no genuine issue of any material fact . . . which could be established by additional discovery or expert report."

Pa.R.C.P. 1035.2, 1996 explanatory comment.

This Court has stated:

"The coordinate jurisdiction rule provides that judges sitting in the same court and in the same case should not

- 17 -

> overrule the decisions of each other. Only in exceptional circumstances can this rule be disregarded. These circumstances are defined as a substantial change in the facts or evidence giving rise to the dispute involved or where the prior holding was clearly erroneous and would create a manifest injustice if followed."

*Cosell v. Cornish*, 797 A.2d 981, 982-83 (Pa. Super. 2002) (citations omitted).

In the case *sub judice*, the trial court found the coordinate jurisdiction rule was not applicable in the instant case, citing **Cosell**. Trial Ct. Op., 4/26/13, at 3. The trial court opined:

> Summary Judgment was denied by Senior Judge John Lavelle in 2005, eight (8) years ago, because he found material issues of liability and damages in dispute and **discovery was still ongoing**. Wayne County President Judge Hamill denied Summary Judgment in June of 2012 because the motion was not timely filed and a trial was scheduled for July of 2012. The trial was continued by Senior Judge Brendan Vanston, the sixth Judge assigned to this case. We are not facing the same time constraints as Judge Hamill. No new date has been set for trial.

*Id.* at 3-4 (emphasis added).

The trial court granted summary judgment "[a]fter an extensive and thorough review of the more than 350 docket entries, duplicative pleadings, and **thousands of deposition pages** produced in this matter . . . ." *Id.* at 1 (emphasis added). At the time the court granted summary judgment there was a substantial change in the evidence before the court. *See* Pa.R.C.P. 1035.2(1)-(2); *Cosell*, 797 A.2d at 982-83. Thus, we agree with the trial court that the law of the case is inapplicable. *See id.*

Next, Appellants claim "the moving [Appellees] failed to carry the initial burdens applicable to motions for summary judgment."[11]  Appellants' Brief at 62.  We reproduce Appellants' argument in support of this claim:[12]

> The Miller Orders, while purporting to review the entire record, failed to address the content of [Appellees'] motions.
>
> The Miller Orders fail to acknowledge that the moving [Appellees], in moving for summary judgment, failed to carry the initial burden of proving that no genuine issue of fact existed.  The **Fifth Motion for Summary Judgment**, properly characterized by [Appellants] as "conclusory," but granted by Judge Miller, was not even verified; and it neither contains nor refers to a single affidavit.  (R2044a)  **It attaches an order from the involuntary Corporate Dissolution Action**, as if the moving [Appellees] had forgotten that this same order was the basis of, *inter alia*, a summary judgment motion denied on June 17, 2011 by Judge Hamill, on the express basis that there is no identity of issues between the involuntary Corporate Dissolution Action and the instant case.  **Exhibit D, [Appellants'] Appendix. (R2365a)**.
>
> Miller Two's discussion of initial burdens applicable to the motion for summary judgment states that "[Appellees] had met the initial burden of establishing that there were no genuine issues of material fact."  Assuming that is the initial burden, a review of the Fifth Motion reveals that it doesn't even attempt to do so.  **If it did, it would have acknowledged prior holdings on summary judgment and would have addressed the law of the case.**  The Fifth Motion does not even attempt to do so.  In any event, **establishing the non-existence of genuine issues of**

---

[11] This is denominated as issue 6[F].

[12] We note that although Appellants cite three cases, there is no discussion of the legal authority in the argument in contravention of P.R.A.P. 2119(a).  We could find the issue waived.  ***See In re Estate of Whitely***, 50 A.3d at 209.

> **material fact is not an initial burden, it is the burden**, and it falls squarely on the moving parties, here [Appellees] Farley and Kim Cavalier.

*Id.* at 62-63 (emphases added).

Appellants purport to refer to the specific portions of the record in support of their argument. However, the reference to the reproduced record at page 2044a is unavailing, as that page is a proposed order filed with Appellees' motion for summary judgment. **See** Pa.R.C.P. 208.2(a)(3).[13]

Appellants also refer to the reproduced record at page 2365a, which is an exhibit to their motion for reconsideration of the April 26, 2013 Order. This exhibit, however, is of no moment. It is the June 17, 2011 order denying Appellees' April 22, 2010 motion for summary judgment. "Failing to direct this Court to specific portions of the record in support of an argument violates Pa.R.A.P. 2119(c) [and for] that reason alone, we could conclude this issue is waived." **Commonwealth v. Fransen**, 42 A.3d 1100, 1106 n.11 (Pa. Super. 2012) (*en banc*), *appeal denied*, 76 A.3d 538 (Pa. 2013).

Nevertheless, to the extent that we can discern Appellant's argument, we have addressed it. We have discussed above that Appellants' claim that Appellees should have addressed the law of the case is without merit.

Furthermore, Appellants baldly assert that Appellees have failed to meet their initial burden of establishing that there were no genuine issues of

---

[13] Rule 208.2 provides that a motion shall "set forth material facts constituting grounds for the relief sought, specify the relief sought and include a **proposed order**[.]" Pa.R.C.P. 208.2(a)(3) (emphasis added).

material fact. The trial court opined that Appellants "have failed to develop their argument regarding the initial burden of summary judgment motions." Trial Ct. Op., 1/13/14, at 4. We agree with the trial court no relief is due.

Next, Appellants aver they identified portions of the record that stated a claim for civil conspiracy.[14] Appellants baldly assert the following documents establish the claim:

> Any holding that [Appellants] had failed to allege sufficient facts in support of a civil conspiracy was in error; this error is shown by materials submitted and previously submitted in response to [Appellees'] several motions for summary judgment, materials not acknowledged by the Opinion and Order of Judge Miller, including sworn statements of a witness present for the conspiracy (Vincent Marvelli) and the deposition of [Appellee] Trunzo, who admitted conduct alleged in the Complaint, and confirmed the conduct of others alleged in the complaint all of which were submitted in 2005 and 2013. These facts established not only other torts, but also illegal acts which under Pennsylvania law may be a basis for civil conspiracy and which are named in [Appellants'] Complaint.
>
> As stated elsewhere, [Appellants] turned over a significant number of documents in **2003** when they responded to discovery requests, all of which documents were included in the portion of the Appendix provided in 2005 in response to the then-pending motions for summary judgment filed in 2004 and 2005. Those documents are contained in "Volume Two: Records Previously Produced by" [Appellants], dated, filed and served June 13, 2005. Directly addressing the conduct described in the Complaint as civil conspiracy, including the meetings and written offers of employment in exchange for false testimony are the following, all apparently ignored by Judge Miller in both Miller One and Miller Two:

---

[14] This issue is denominated as 7[G].

— Signed Statement of Vincent Marvelli, October 11, 1991

— Statement Under Oath of Vincent Marvelli, October 18, 1991

— Report of Interview of Vincent Marvelli, October 23, 1991

— Report of Interview of John Bryant, October 24, 1991

— Letter of John Bryant, October 24, 1991

— Handwritten Letter of John Bryant

— Typed Letter of John Bryant

Appellants' Brief at 64-65 (citations to reproduced record omitted).

This Court has stated:

> In order for a claim of civil conspiracy to proceed, a plaintiff must "allege the existence of all elements necessary to such a cause of action." **Rutherfoord v. Presbyterian-University Hospital**, [ ] 612 A.2d 500, 508 ([Pa. Super.] 1992) (citation omitted).

> The Pennsylvania Supreme Court set forth the elements of civil conspiracy in **Thompson Coal Co. v. Pike Coal Co.**, [ ] 412 A.2d 466, 472 ([Pa.] 1979): "It must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." Proof of malice, *i.e.*, an intent to injure, is an essential part of a conspiracy cause of action; this unlawful intent must also be without justification. [**Id.**]. Furthermore, a conspiracy is not actionable until "some overt act is done in pursuance of the common purpose or design . . . and actual legal damage results."

> **Id.** (quotation omitted). In addition, "[a] single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves." **Id.**

*Grose v. Procter & Gamble Paper Prods.*, 866 A.2d 437, 440-41 (Pa. Super. 2005).

The trial court opined:

> The Complaint also recites bold and vague assertions of misconduct and perjury by all [Appellees] during the course of the dissolution and partition law suits and alleges that all [Appellees] were part of a huge conspiracy to defraud [Appellants]. In spite of the volumes of discovery, [Appellants] have not been able to produce any facts to support their allegations.
>
> On the contrary, in deposition testimony, [Appellant] Irish testified the he had Counsel representing him in the dissolution action, and he also retained Counsel prior to the hearing on May 21, 1991. (Irish Dep., January [1]1, 2002, pg. 79, 5-15). He further testified, under oath, that early on in the receivership he thought [Appellee] Trunzo was not acting appropriately. (p. 92, 6-25). Irish also testified that he was represented by Counsel throughout the entirety of the Dissolution action and never filed any claims against his attorneys and believed that his attorneys represented him well. (Dep. p. 114, 12-22). In spite of his beliefs about Trunzo, he never petitioned to have Trunzo removed. (Dep. p. 116, 1-6). Irish further testified that Judge Conway never made a finding that anyone committed perjury at the numerous hearing[s] held in these two matters. (Dep. p. 130, 2-13).
>
> The Complaint is full of allegations that have no factual support. In the thousands of documents produced and the numerous depositions conducted, we can find no evidence of a conspiracy. To believe that a conspiracy existed, we would be forced to find that then President Judge Conway was somehow involved and his entry of the Consent Decrees somehow furthered this conspiracy. Judge Conway is not and was never a party in this lawsuit. There has never been an attempt to add him as a party. There are countless allegations that he accepted false testimony as well as allegations that solicitations to commit perjury occurred. However, **all of these complaints are of**

**actions that occurred prior to the Consent Orders dissolving the corporation**.

[Appellant] Irish's deposition is ripe with allegations and hearsay, and he gives no basis in fact for any of them. **He gives no information as to how [Appellee] Trunzo was a party to a civil conspiracy. Trunzo completed his administration as receiver, presented his report to the [c]ourt, no one filed timely objections, and the [c]ourt approved the report.**

Trial Ct. Op., 4/26/13, at 6-8 (emphases added). We agree.

Appellants' bald claim that they have identified portions of the record which stated a claim for civil conspiracy is without merit. They have not "shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." **See Grose**, 866 A.2d at 440-41. We find no relief is due.

Next, Appellants contend that they stated a claim for civil conspiracy and breach of fiduciary duty against Appellee Trunzo.[15] As argument, they refer to "Orders" which did not consider certain materials identified in their answer to the fifth motion for summary judgment. Appellants' Brief at 65. Appellants baldly claim they "have produced sufficient evidence to establish their causes of action." **Id.** at 66. Appellants' only citation to legal authority is in support of their assertion that they were not required to present an expert witness to establish Trunzo's breach of fiduciary duty. **Id.** at 68 (citing **Rizzo v. Haines**, 555 A.2d 58, 66 (Pa. 1989)). This undeveloped

---

[15] This is issue 8[H].

- 24 -

argument does not support their contention that they have stated a claim for civil conspiracy and breach of fiduciary duty against Appellee Trunzo.

Next, Appellant's claim that in granting summary judgment, the court improperly ignored the record **potentially available** at the time of trial.[16] Appellants cite, without specificity or development, to various parts of the record allegedly ignored by the trial court. Appellants claim that the court's January 13, 2014 order "conflicts with the content of the Affidavit of George P. Irish in Opposition to Fifth Motion for Summary Judgment, . . . other materials submitted in response to prior motions for summary judgment; and other materials identified in [Appellants'] Answer to Motion for Summary Judgment." Appellants' Brief at 70.

The trial court opined:

> [Appellants] assert that this [c]ourt failed to consider the record **potentially possible** at the time of trial. [Appellants'] Brief in Support of the Motion for Reconsideration asserts that the [c]ourt did not consider the February 15, 2013 Affidavit of [Appellant] Irish or the materials submitted in response to prior motions for summary judgment. As stated in the April 26, 2013 Opinion and Order, this [c]ourt **painstakingly reviewed the entirety of the Record** in this matter. . . . Following this [c]ourt's review of the entirety of the record and the failure of [Appellants] to direct the [c]ourt to any evidence of record to support [Appellants'] causes of action, this [c]ourt properly granted Summary Judgment.

Trial Ct. Op., 1/13/14, at 3. We agree no relief is due.

---

[16] This is issue 9[I].

Next, Appellants contend that the court erred in advocating on behalf of Appellees, thereby acting outside of the role of a judge.[17] Appellant's Brief at 77. In support of this claim, they cite *Pa. State Univ. v. Cnty. of Centre*, 615 A.2d 303 (Pa. 1992), which provides that the record must be viewed in the light most favorable to the nonmoving party. *See id.* at 304. Appellants aver that if the court looked at the record in this light, summary judgment would have been denied. Appellants claim the court "resolved doubts against the non-moving party, here" Appellants. Appellants' Brief at 79. Given our finding that the trial court did not err in granting the motion for summary judgment, this claim fails.

Lastly, Appellants contend the trial court erred in granting Appellees' motion *in limine* "to preclude evidence or argument [at trial] of alleged violations of the Pennsylvania Rules of Professional conduct."[18] Appellants' Brief at 82. Appellants object to the following ruling:

> 1. [Appellees] Motion *in Limine* to preclude evidence of alleged violations of the Pennsylvania Rules of Professional Conduct is **GRANTED** in that [Appellant] may not assert that [Appellees] violated the Pennsylvania Rules of Professional conduct. [Appellant] is **PERMITTED** to present evidence and testimony regarding the underlying

---

[17] This is issue 12[L].

[18] This is issue 14[N]. We note: "Once an appeal is filed from a final order, all prior interlocutory orders are subject to review. *K.H. v. J.R.*, [ ] 826 A.2d 863 ([Pa.] 2003)." *Bird Hill Farms, Inc. v. U.S. Cargo & Courier Serv., Inc.*, 845 A.2d 900, 903 (Pa. Super. 2004).

actions of [Appellees] which may constitute violations of the Pennsylvania Rules of Professional Conduct.

Order, 9/27/12, at 1 (emphasis in original).

Based upon our finding that the court did not err in granting summary judgment, this issue is moot.

Order affirmed. Motion to accept reply brief as timely filed granted. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2015