James U. LUX, Appellant

v.

GERALD E. ORT TRUCKING, INC., Ort Trucking, Inc., Simon Transportation Services Inc., R. and F. Miller, Inc., Samuel Thomas Knight, Eddie C. Roberts, Jamie Harvey Parker, and Pennsylvania Department of Transportation, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 20, 2005.

Filed Dec. 2, 2005.

Jeffrey R. Owen, Pittsburgh, for appellant.

Michael J. Panichelli, Philadelphia, for Parker, appellee.

Before: ORIE MELVIN, McCAFFERY and POPOVICH, JJ.

POPOVICH, J.

¶ 1 Appellant James U. Lux appeals from the judgment entered on January 14, 2005, marking the case settled and discontinued against Gerald E. Ort Trucking, Inc., Simon Transportation Services Inc., R. and F. Miller, Inc., Samuel Thomas Knight, Eddie C. Roberts, and Pennsylvania Department of Transportation. On appeal, Appellant contends that the trial court erred in granting Appellee Jamie

Harvey Parker's preliminary objections in the nature of a demurrer and dismissing Appellee from the case. Upon review, we affirm.

¶ 2 This case arises from two collisions that occurred on October 24, 2000, on Interstate Route 80 between the cities of DuBois and Clearfield. The first accident occurred when a truck driven by Eddie C. Roberts collided with a truck being driven by Appellee. Roberts had fallen asleep at the wheel while driving at an excessive speed. Appellee then fled the scene. Appellant, a DuBois police officer, was dispatched to the accident scene to assist with emergency services and provide assistance. A state police officer, who was securing the scene of the accident, then left upon learning that Appellee was at a nearby truck stop.

¶ 3 During the state police officer's absence, Samuel Knight, who was also driving a truck on Route 80, fell asleep at the wheel while traveling at an excessive speed. He collided with Appellant's rescue vehicle. Appellant and three volunteer firemen who were passengers in Appellant's vehicle were severely injured. As a result of the second accident, Appellant suffered severe injuries, including spinal cord damage that resulted in paralysis.

¶ 4 Appellant commenced suit against various parties of the first and second accidents, including Appellee. In the complaint, Appellant sets forth the following against Appellee:

    28.   Appellant alleges that Appellee was negligent:

        a.   In operating his 1998 International Truck and attached cargo trailer without a driver's license;

        b.   In operating his vehicle at a dangerously slow speed;

        c.   In failing to display and utilize the proper safety warning apparatus upon his vehicle;

        d.   In fleeing the scene of the first collision, without identifying himself, and in doing so spreading the field of collision debris across a greater area than that caused by the initial collision;

        e.   In fleeing the scene of the first collision, and causing law enforcement officials at the scene of the first collision to be required to leave the scene of the first collision in order to apprehend and arrest him, thus diverting them from activities in securing and safeguarding the scene of the first collision;

        f.   In failing to operate his vehicle in a safe and prudent manner considering the circumstances existent at the time of the first collision;

        g.   In operating his vehicle when he was not fit and competent to do so;

        h.   In driving in a careless and reckless fashion;

    29.   The negligence of Appellant was a substantial factor in causing the first and second collisions described above, and thus was a substantial factor in causing the serious injuries suffered by the Appellant.

Appellant's complaint, 4/3/01, at 8–9, ¶ 28–29.

¶ 5 On May 14, 2001, preliminary objections in the nature of a demurrer were filed by Roberts and R & F Miller, Inc., the owner of the truck he had driven. Appellee joined in these preliminary objections on August 10, 2001. On August 22, 2001, Roberts and R & F Miller's preliminary objections were dismissed. Appellee's preliminary objections were granted on October 1, 2001. Appellant filed a mo-

tion to reconsider, which was denied by the trial court on January 4, 2002. Appellant filed a motion with the trial court to certify the order granting the preliminary objections as an appealable interlocutory order pursuant to Pa.R.A.P. 1311. The trial court denied the motion.

¶ 6 Subsequently, Appellant's claims against the remaining defendants were settled or were discontinued. The trial court entered an order on January 14, 2005, stating that the matter of Appellee's preliminary objections was rendered final and appealable by the dismissal of all other parties from the action. Appellant filed an appeal on February 2, 2005. The trial court did not enter an order requiring the filing of a statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b); however, it previously had filed an opinion on October 1, 2001, stating its reasons for granting Appellee's preliminary objections. It also authored an opinion on January 4, 2002, denying Appellant's motion to reconsider its October 1, 2001 order.

¶ 7 Appellant presents two issues for our review:

1. Did the trial court err in granting [Appellee's] preliminary objections, and invade the province of the jury in determining factual issues, by ruling, as a matter of law, that the allegations of Parker's intentional and negligent acts were not a legal cause of the accident which resulted in the severe injuries and paralysis of [Appellant]?

2. Did the trial court err, in ruling as a matter of law, that [Appellant] did not state a cause of action in tort for [Appellee's] driving an eighteen wheeler semi-truck without a license, driving in a negligent manner, and intentionally fleeing the scene of a night time multi-truck interstate highway accident that Parker was

involved in, causing the lone police trooper securing the accident scene to leave the scene to pursue and arrest Parker, thereby leaving the accident scene unsecured and permitting an emergency vehicle occupied by [Appellant] to be struck by another truck?

Appellant's brief, at 3.

¶ 8 Appellant claims the trial court erred in granting Appellee's preliminary objections in the nature of a demurrer. Preliminary objections in the nature of a demurrer test the legal sufficiency of the plaintiff's complaint. *Grose v. P & G Paper Prods. (In re Grose)*, 866 A.2d 437, 440 (Pa.Super.2005) (citations omitted) (quotation marks omitted). The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Id.*, 866 A.2d at 440. Accepting all material averments as true, we must determine whether the complaint adequately states a claim for relief under any theory of law. *Id.*, 866 A.2d at 440.

¶ 9 On appeal, Appellant contends that his complaint states a claim for relief. He argues that Appellee was negligent in causing the first accident by driving his vehicle without a license at a dangerously slow speed and by failing to use his flashers. Appellant's brief, at 10. He states that this is a deviation from the standard of care expected under the circumstances and that this deviation proximately caused the actual harm suffered by Appellant. Appellant's brief, at 10.

¶ 10 Appellant alleges that Appellee's actions were a substantial factor in causing the second accident. He argues Appellee fled the scene of the first accident, which is a violation of the Pennsylvania "hit and run" statute. 75 Pa.C.S.A. §§ 3741–3755. Appellant's complaint, 4/3/01, at 8–9, ¶ 28. Appellant argues that Appellee did not

substantially comply with the statute and, therefore, is negligent *per se.* Appellant's brief, at 13.

¶ 11 Appellant alleges that as a result of Appellee's flight, he caused the state police officer to leave the scene of the accident and, thereby, removed a layer of protection for Appellant. He contends that this resulted in a tangible and objective increase in the level of danger to which he was exposed. Appellant's brief, at 14.

¶ 12 Further, he alleges Appellee's flight resulted in a greater field of debris being spread over the Interstate, which lengthened the period of time required to clean up after the initial collision and, thus, increased the period of Appellant's exposure to harm. Appellant's brief, at 17.

¶ 13 When reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer and dismissing a suit, our scope of review is plenary. *Donahue v. Federal Express Corp.,* 753 A.2d 238, 241 (Pa.Super.2000). We apply the same standard employed by the trial court, *i.e.,* all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, are admitted as true for the purposes of review. *DeMary v. Latrobe Printing & Publ'g Co.,* 762 A.2d 758, 761 (Pa.Super.2000). Where affirmance of the trial court's order sustaining preliminary objections would result in the dismissal of an action, we may do so only when the case "is clear and free from doubt." *Donahue,* 753 A.2d at 241. To be "clear and free from doubt" that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. *Id.,* 753 A.2d at 241. Any doubt should be resolved by a refusal to sustain the objections. *Id.,* 753 A.2d at 241.

¶ 14 With respect to Appellant's first issue, that Appellee was negligent in causing the first accident by driving his vehicle without a license at a dangerously slow speed and failing to use his flashers, the relevant law on negligence is not disputed.

In trying to recover for an action in negligence, a party must prove four elements. They are:

1. A duty or obligation recognized by law.
2. A breach of the duty.
3. *Causal connection between the actor's breach of the duty and the resulting injury.*
4. Actual loss or damage suffered by complainant.

*Reilly v. Tiergarten, Inc.,* 430 Pa.Super. 10, 633 A.2d 208, 210 (1993) (emphasis added).

It is beyond question that the mere existence of negligence and the occurrence of injury are insufficient to impose liability upon anyone as there remains to be proved the link of causation. Furthermore, our Supreme Court has stated that " . . . even when it is established that the defendant breached some duty of care owed the plaintiff, it is incumbent on a plaintiff to establish a causal connection between defendant's conduct, and it must be shown to have been the proximate cause of plaintiff's injury."

*Taylor v. Jackson,* 164 Pa.Cmwlth. 482, 643 A.2d 771, 775 (1994) (citations omitted).

¶ 15 "Proximate causation is defined as a wrongful act which was a substantial factor in bringing about the plaintiff's harm." *Dudley v. USX Corp.,* 414 Pa.Super. 160, 606 A.2d 916, 923 (1992) (citations omitted). Proximate cause does not exist where the causal chain of events resulting in plaintiff's injury is so remote

as to appear highly extraordinary that the conduct could have brought about the harm. *Id.*, 606 A.2d at 923. At issue here is whether or not Appellee's negligence was a "substantial factor" in bringing about Appellant's injuries to satisfy the element of causation.

In order to establish causation, the plaintiff must prove that the breach was "both the proximate and actual cause of the injury." Proximate cause is a question of law to be determined by the court before the issue of actual cause may be put to the jury. A determination of legal causation, essentially regards "whether the negligence, if any, was so remote that as a matter of law, [the actor] cannot be held legally responsible for [the] harm which subsequently occurred." Therefore, the court must determine whether the injury would have been foreseen by an ordinary person as the natural and probable outcome of the act complained of.

*Reilly,* 633 A.2d at 210 (citations omitted).

¶ 16 The substantial factor test for determining whether a party's negligence was the proximate or legal cause of another's injury is set forth in *Wisniewski v. Great Atlantic & Pacific Tea Co.,* 226 Pa.Super. 574, 323 A.2d 744, 748 (1974):

This test provides that the actor's negligent conduct is a legal cause of harm to another if:

(a) his conduct is a substantial factor in bringing about the harm, and

(b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in harm.

*Wisniewski,* 226 Pa.Super. 574, 323 A.2d 744, 748 (1974) (*citing* RESTATEMENT (SECOND) OF TORTS, § 431 (1965)).

¶ 17 The method for determining whether negligent conduct is a substantial factor in producing the injury is set forth in *Willard v. Interpool, Ltd.,* 758 A.2d 684, 688 (Pa.Super.2000):

The following considerations are in themselves or in combination with one another important in determining whether the actor's conduct is a substantial factor in bringing about harm to another:

(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;

(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;

(c) lapse of time.

*Willard,* 758 A.2d 684, 688 (Pa.Super.2000) (*citing* RESTATEMENT (SECOND) OF TORTS § 433 (1965)).

¶ 18 After considering these factors, the trial court determined that while Appellee's operation of the vehicle may have breached a statutory duty, it was not a substantial factor in causing harm to the Appellant. *Lux v. Gerald E. Ort Trucking Inc.,* 56 D. & C.4th 375, 378–79 (Clearfield Cty.2002).

¶ 19 Appellee's conduct was not a substantial factor in causing harm to Appellant. His failure to use his flashers, driving his vehicle without a license, and fleeing the scene were not the proximate causes of the first accident. It was the negligence of Roberts, who fell asleep at the wheel and then wrecked into Appellee, that was the cause of the first accident. "Proximate cause does not exist where the causal chain of events resulting in plaintiff's injury is so remote as to appear

highly extraordinary that the conduct could have brought about the harm." *Dudley v. USX Corp.*, 414 Pa.Super. 160, 606 A.2d 916, 923 (1992). Proximate cause does not exist between Appellee's conduct (failing to use his flashers, driving his vehicle without a license, and fleeing the scene of the first accident), and Appellant's injury. It appears highly extraordinary that Appellee fleeing from the scene could have caused Knight, who also fell asleep at the wheel, to collide with Appellant's vehicle and ultimately result in Appellant's injuries.

¶ 20 Second, Appellant contends that Appellee's actions were a substantial factor in causing the second accident. He alleges that Appellee was negligent *per se* when he fled the scene of the initial collision. Although this argument has not been fully developed, we will briefly address it here.

¶ 21 Even if we accept the fact that Appellee was negligent *per se* by violating Pennsylvania's "hit and run" statute, 75 Pa.C.S.A. §§ 3741–3755, Appellant would still have to prove the element of causation. The concept of negligence *per se* establishes both duty and the required breach of duty where an individual violates an applicable statute, ordinance or regulation designed to prevent a public harm. *Cabiroy v. Scipione*, 767 A.2d 1078, 1079 (Pa.Super.2001). A plaintiff, however, having proven negligence *per se*, cannot recover unless it can be proven that such negligence was the proximate cause of the injury. *Id.*, 767 A.2d at 1079. As discussed above, Appellant has not proven that Appellee's flight from the first accident was the proximate cause of Appellant's injuries. Therefore, we dismiss Appellant's negligence *per se* argument.

¶ 22 Third, Appellant claims that when Appellee fled the scene, he removed all police protection and spread debris across a greater area of the road. He contends this increased Appellant's exposure to harm. Appellants brief, at 17. However, his conduct is not a substantial factor in causing the second collision which resulted in Appellant's injury. In fact, Appellant states that Knight drove his truck "without braking and at a high rate of speed...through an area of safety cones and brightly burning emergency flares placed on the highway, over and on to the closed right hand lane, and directly and violently collided with Appellant's vehicle." Appellant's complaint, 4/03/01, at 4.

¶ 23 The second collision was caused by Knight falling asleep at the wheel. This does not amount to Appellee's conduct (failing to use his flashers, driving his vehicle without a license, and fleeing the scene of the first accident) constituting a substantial factor in the second collision. *Willard*, 758 A.2d 684, 688 (Pa.Super.2000).

¶ 24 Therefore, we conclude that the actions of Appellee are too remote to be considered the proximate cause of Appellant's injury. Thus, the element of causation has not been satisfied. *Reilly v. Tiergarten, Inc.*, 430 Pa.Super. 10, 633 A.2d 208, 210 (1993). Appellant has no cause of action in negligence against Appellee. We find no error in the trial court's failure to submit the issue of actual cause to the jury after having found no proximate cause. *Id.*, 633 A.2d at 210.

¶ 25 For the aforementioned reasons, we find that the trial court did not abuse its discretion or commit an error of law in granting Appellee's preliminary objections in the nature of a demurrer. *Donahue v. Federal Express Corp.*, 753 A.2d 238, 241 (Pa.Super.2000).

¶ 26 Affirmed.