J-A21037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JEAN-GILLES THIBAULT AND GLORIA THIBAULT, HIS WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| NANCY KERR | |
| Appellee | No. 596 WDA 2017 |

Appeal from the Order entered April 11, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD16-5536

BEFORE:  BENDER, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED MARCH 9, 2018**

Appellants, Jean-Gilles Thibault ("Jean-Gilles") and Gloria Thibault, his wife, appeal from the order entered on April 11, 2017 in the Court of Common Pleas of Allegheny County, granting summary judgment in favor of Appellee, their next-door neighbor, Nancy Kerr ("Nancy").  Following review, we reverse.

In **Summers v. Certainteed Corp.**, 997 A.2d 1152 (Pa. 2010), our Supreme Court explained:

> As has been oft declared by this Court, "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." **Atcovitz v. Gulph Mills Tennis Club, Inc.**, 571 Pa. 580, 812 A.2d 1218, 1221 (2002); Pa. R.C.P. No. 1035.2(1).  When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a

light most favorable to the non-moving party. ***Toy v. Metropolitan Life Ins. Co.***, 593 Pa. 20, 928 A.2d 186, 195 (2007). In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt." ***Id.*** On appellate review, then,

> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.* This means we need not defer to the determinations made by the lower tribunals.

***Weaver v. Lancaster Newspapers, Inc.***, 592 Pa. 458, 926 A.2d 899, 902–03 (2007) (internal citations omitted). To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record. ***Id.*** at 903.

***Id.*** at 1159.

As reflected in the above passage, the trial court is to take all facts, as well as reasonable inferences from those facts, in the light most favorable to Appellants as the non-moving parties. In their brief in opposition to Nancy's summary judgment motion, Appellants include the factual background of the case. Appellants' Brief in Opposition to Motion for Summary Judgment, 4/3/17, at 2-3. Based on our review, we find that Appellants' summary adequately presents the facts of record in a light most favorable to Appellants. Therefore, we repeat here the factual background as set forth in Appellants' brief.

> [Jean-Gilles], at the time 73 years old, was a neighbor of Lucille Kerr, ("Mrs. Kerr") who was 92.[fn] [Nancy] is Mrs. Kerr's

- 2 -

daughter, both of whom lived together on the property located at 45 Oakland Street, Etna, Allegheny County, Pennsylvania 15223. [Jean-Gilles] testified that on April 11, 2015, Mrs. Kerr requested that he come onto her property to cut a limb off of a tree in her back yard which was in danger of falling. [Jean-Gilles] brought a ladder to assist him in the cutting of the branch. After climbing the ladder, [Jean-Gilles] was approximately ten (10) or twelve (12) feet off the ground. While he was in the course of cutting the branch, for reasons unknown to [Appellants], [Nancy] started to walk toward the tree and headed under the branch [Jean-Gilles] was cutting. Concerned that she would be injured if the limb he was cutting fell, [Jean-Gilles] testified that he called to her and made a motion with his hand for her to move out of the way. As he was doing so, he lost his balance and fell off the ladder. His injuries included eight (8) broken ribs. He was hospitalized for five (5) days.

In her deposition, [Nancy] testified that she told [Jean-Gilles] that she did not want him to cut the branch and he responded "get away you are going to get hurt." [Nancy] testified that she told [Jean-Gilles] she did not want the branch cut down because she did not want him to fall and because there was nothing wrong with the branch. She testified she did not know how far away she was from him at the time he warned her to stay away and that she did not see him fall. [Nancy] admitted that she never told [Jean-Gilles] to get off the property nor did she tell him he was trespassing. She assumed [Jean-Gilles] had a discussion with her mother about cutting the branch.

In a tape recorded statement, however, [Nancy] stated the following:

> He came over and he wanted to cut down a branch which I didn't want down. He brought his ladder over anyway, and he sat it on the tree. He climbed up the ladder and told me to get away. **I was holding the ladder**. The branch is only like about two or three inches long or thick. He didn't have it tied down and then he just fell with the ladder on his back and then I called 911 to get help.

[Appellants'] Complaint alleged, inter alia, the following acts of negligence on the part of [Nancy]: (a) distracting [Jean-Gilles] while he was attempting to cut/remove the tree limb; (b) causing

[Jean-Gilles] to be distracted while on the ladder; and (c) causing [Jean-Gilles] to fall from the ladder.

fn Mrs. Kerr passed away before litigation commenced.

*Id.* (references to deposition transcript and recorded statement omitted; emphasis in original).

After the pleadings were closed and discovery was completed, Nancy filed her motion for summary judgment, asserting Appellants could not produce any evidence of any duty owed by Nancy to Jean-Gilles or any evidence of any negligent conduct on Nancy's part that contributed to the accident. Motion for Summary Judgment, 1/15/17, at ¶ 12. She claimed there were no material facts in dispute and she was entitled to judgment as a matter of law. *Id.* at ¶ 13.

In response, Appellants argued that a reasonable jury could find that Nancy owed a duty not to distract Jean-Gilles while he was on the ladder and that Nancy's actions were a proximate cause of Jean-Gilles' fall. Appellants' Brief in Opposition to Motion for Summary Judgment, 4/3/17, at 5-10.

On April 11, 2017, in a one-page order devoid of legal citation, the trial court granted summary judgment in favor of Nancy, stating:

> [U]pon consideration of the entire record and viewing the evidence in the light most favorable to [Appellants], [Nancy's] Motion for Summary Judgment is granted. Regardless of whether [Nancy] owed a duty to [Jean-Gilles] and regardless of which version of this unfortunate accident the jury would accept, the jury could not reasonably find that approaching and addressing a man standing 10-12 feet above ground on a ladder constitutes negligent conduct. Nor could the jury reasonably find such conduct to be a factual cause of the accident. Assuming,

- 4 -

> *arguendo*, the jury could reasonably find that [Nancy] was holding the ladder at the time of the accident (which [Jean-Gilles] denies), there is no evidence that the manner in which she did so caused him to fall from the ladder. There is no genuine issue of material fact as to negligence or causation. All claims against [Nancy] are dismissed with prejudice.

Order, 4/11/17, at 1.

Appellants filed a timely appeal from the April 11 order.[1] They ask this Court to consider one issue:

> Whether, when viewing the evidentiary record in the light most favorable to [Appellants] and resolving all doubts against the moving party, the trial court erred in concluding that no genuine issues of material fact existed as to whether [Nancy] owed a duty to [Jean-Gilles] and whether her actions were the proximate cause of his injuries?

Appellants' Brief at 4.

Appellants contend the trial court erred in determining there was no genuine issue of material fact as to negligence or causation. As to negligence, they reiterate that Nancy was negligent for distracting Jean-Gilles while he was attempting to cut the tree limb, for causing Jean-Gilles to be distracted while on the ladder, and for causing Jean-Gilles to fall from the ladder. Appellants' Brief at 7 (citing Complaint at ¶ 22 (a)-(c)). Appellants recognize

---

[1] The trial court did not direct Appellants to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court did not issue a separate opinion in accordance with Pa.R.A.P. 1925(a), but instead entered an order on April 24, 2017, indicating that the reasons for entry of the April 11, 2017 order appear of record in the order itself. Order, 4/24/17, at 1 (citing Pa.R.A.P. 1925(a)(1)).

that the elements of a negligence cause of action include (1) a duty recognized

by law requiring the defendant to conform to a certain standard of conduct to

protect others from unreasonable risks; (2) the defendant's failure to conform

to the required standard; (3) a causal connection between the conduct and

the harm; and (4) actual loss or damages. ***Id.*** at 10 (citing ***R.W. v. Manzek***,

888 A.2d 740, 746 (Pa. 2005)). They contend that all elements exist here.[2]

In ***Walters v. UPMC Presbyterian Shadyside***, 144 A.3d 104 (Pa.

Super. 2016), this Court reiterated:

> To establish a common law cause of action in negligence, a
> plaintiff must demonstrate that the defendant owed a duty of
> care to the plaintiff, the defendant breached that duty, the
> breach resulted in injury to the plaintiff, and the plaintiff suffered
> an actual loss or damage. ***Lux v. Gerald E. Ort Trucking, Inc.***,
> 887 A.2d 1281, 1286 (Pa. Super. 2005). "[A] duty or obligation
> recognized by the law, requiring the actor to conform to a certain
> standard of conduct[,]" is the first element of negligence.
> ***Atcovitz v. Gulph Mills Tennis Club, Inc.***, 571 Pa. 580, 812
> A.2d 1218, 1222 (2002). Whether a duty of care exists is a
> question of law assigned initially to the trial court and subject to
> plenary review on appeal. ***Winschel v. Jain***, 925 A.2d 782, 796
> (Pa. Super. 2007); ***Sharpe v. St. Luke's Hosp.***, 573 Pa. 90,
> 821 A.2d 1215, 1219 (2003). Where, however, the plaintiff
> makes a *prima facie* showing of a duty, the applicable standard
> of care, whether it was breached, and whether the breach was a
> cause in fact of the injury are questions of fact for the jury. ***K.H.***
> ***ex rel. H.S. v. Kumar***, 122 A.3d 1080, 1094 (Pa. Super. 2015).

***Id.*** at 113. Quoting ***Althaus ex rel. Althaus v. Cohen***, 756 A.2d 1166,

1168-69 (Pa. 2000), we acknowledged that "the concept of duty amounts to

---

[2] Nancy does not dispute that Jean-Gilles was injured because of his fall. She disputes the first three elements.

no more than the sum total of those considerations of policy which led the law to say that the particular plaintiff is entitled to protection from the harm suffered[.]" *Id.* (internal quotations and citation omitted).

The **Althaus** Court identified five factors to be weighed in determining whether a duty exists in a particular case, noting that courts are not required to weigh each factor equally and further that no one factor is dispositive. *Id.* at 113-14 (citing **Althaus**, 756 A.2d at 1168-69). The five factors include the relationship between the parties, the social utility of the actor's conduct, the nature of the risk imposed and foreseeability of the harm incurred, the consequences of imposing a duty upon the actor, and the overall public interest in the proposed solution. *Id*. Further:

> "[A] duty will be found to exist where the balance of these factors weighs in favor of placing such a burden on a defendant." *Phillips v. Cricket Lighters*, 576 Pa. 644, 841 A.2d 1000, 1008–09 (2003). "Whether a duty exists is ultimately a question of fairness." *Campo v. St. Luke's Hosp.*, 755 A.2d 20, 24 (Pa. Super. 2000).

*Id.* at 114.

Although Appellants address the relationship between Jean-Gilles and Nancy and suggest a duty based on his status as either an invitee or licensee, Appellants' Brief at 14-15, we find any such analysis unnecessary for purposes of our review. Mrs. Kerr, not Nancy, owned the property. However, Appellants also maintain that Nancy owed a general duty of care to Jean-Gilles, as addressed in the Restatement (Second) of Torts § 302A. That section provides that an act may be negligent "if the actor realizes or should realize that it

involves an unreasonable risk of harm to another through the negligence or reckless conduct of the other of a third person." ***Id.*** Likewise, § 303 of the Restatement is instructive. That section provides that "[a]n act is negligent if the actor . . . should realize that it is likely to affect[] the conduct of another . . . in such a manner as to create an unreasonable risk of harm to the other." Restatement (Second) of Torts § 303.

Appellants argue Nancy was negligent for failing to take Jean-Gilles' situation and personal qualities, especially his age, into account when she walked toward him while he was on the ladder. They contend she should have realized the risk of harm she created by doing so. Appellants' Brief at 16-17. "Clearly, pursuant to [§ 303], a reasonable jury could find [Nancy's conduct] here, unnecessarily and unreasonably walking towards an elderly man precariously perched upon a ladder, and heading under the soon-to-be-falling branch, . . . negligent." ***Id.*** at 18. "[E]ven though she did not intend him to fall, she provided the stimulus to make him react in such a manner as to make the fall more likely. Thus, duty should be imposed." ***Id.*** We agree. "[N]egligence need not be proved by direct evidence, but may be inferred from attendant circumstances if the facts and circumstances are sufficient to reasonable and legitimately impute negligence." ***Miller v. Hickey***, 81 A.2d 910, 914 (Pa. 1951).

As for causation, the issue of causation is generally a matter for the jury. As our Supreme Court recognized in ***Ford v. Jeffries***, 379 A.2d 111

(Pa. 1977), "[t]he determination of whether the conduct of the defendant was a substantial cause or an insignificant cause of plaintiff's harm should not be taken from the jury if the jury may reasonably differ as to whether the conduct of the defendant was a substantial cause or an insignificant cause." *Id.* at 114 (citing Restatement (Second) of Torts § 434(1)(a)). We agree with Appellants that it is for the jury to decide whether Nancy's conduct was a substantial cause or an insignificant cause of the harm suffered by Jean-Gilles.

> In his deposition, Jean-Gilles testified as follows:
>
> My cut was almost done, and when she came in toward me, and I told[] Nancy, I say, move out of the way, move out of the way, that branch gonna fall. It's almost ready to fall. And when I say "move out of the way," I motion like that (indicating). This is why I lost the balance and I move, I spin around, and I fall on my back about 12 feet, you know."

Deposition of Jean-Gilles Thibault, 9/15/16, at 17. He explained he "was afraid the branch was going to fall on her head." *Id.* at 19.

The trial court was charged with viewing "all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." *Summers*, 997 A.2d at 1159. Nevertheless, the trial court determined "the jury could not reasonably find that approaching and addressing a man standing 10-12 feet above ground on a ladder constitutes negligent conduct. Nor could the jury reasonably find such conduct to be a factual cause of the accident." Order, 4/11/17, at 1. These conclusions by the trial court do not consider all facts surrounding this accident, at least as maintained by Jean-Gilles, when viewed most favorably to him. A jury might

very well consider that Nancy's approach under the tree limb that Jean-Gilles was cutting, and which was about to fall, was conduct that affected Jean-Gilles and created an unreasonable risk of harm to him so as to sustain an action in negligence. Consequently, we conclude the trial court committed error of law by granting summary judgment in Nancy's favor and dismissing Appellants' claims with prejudice. Therefore, we reverse the April 11, 2017 order and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Olson joins this memorandum.

President Judge Emeritus Bender files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2018